Percival v. Weir.

John W. Percival, Water Commissioner of the City
of Lincoln, appellant, v. Austin H. Weir, Mayor,
et al., appellees.

Filed October 6, 1897.    No. 7411.

Municipal Corporations: Water Commissioner: Removal of Em-
ployes. The water commissioner of the city of Lincoln has not
the power to remove a subordinate employe in the water depart-
ment of the city, or to make appointments to fill vacancies oc-
curring therein.

Appeal from the district court of Lancaster county.
Heard below before Hall, J.   *Affirmed.*

*E. H. Wooley* and *W. S. Hamilton,* for appellant.

*N. C. Abbott, contra.*

Norval, J.

John W. Percival was elected water commissioner for
the city of Lincoln at the general election held in said city
on April 3, 1894, duly qualified and entered upon the dis-
charge of the duties of his office.   On May 6, 1894, he ap-
pointed one P. W. Worthington as fireman for a certain
station of the water-works department of the city, known
as the Antelope or Rice station, and pursuant to such
appointment Worthington entered upon the discharge of
his duties and continued therein until the 9th day of said
month, when he was removed from his position by the
defendant Wier, the mayor of the city, who at the same
time appointed the defendant A. L. Quay to said position
of fireman.   This action was instituted by Percival in
the court below in 1894 to restrain the removal of Worth-
ington from said position and to prevent the installation
of Quay therein.   From a decree dismissing the action,
plaintiff appeals.

The sole question presented is whether at the time this
action was instituted in the court below authority or

power was lodged in the water commissioner to appoint
employes in the water department of the city of Lincoln.
Section 13, article 1, chapter 13a, Compiled Statutes, 1893,
provides for the election of a water commissioner. Section
89 of the same article, as it existed in 1887, after enumer-
ating his duties and powers, declared that "said water
commissioner shall perform such other duties as may be
required of him by ordinance, and upon his recommenda-
tion the mayor and council may employ such laborers and
clerks as it may appear necessary." But so much of said
clause as reserved to the water commissioner the right to
recommend persons for employment in his department
was taken away by the legislature in 1889. (Compiled
Statutes, 1889, ch. 13a, art. 1, sec. 89.) When this suit was
brought no authority to appoint subordinate employes
was conferred by statute upon the water commissioner,
nor did there exist any legislative enactment fixing the
number of employes in the water department.

The following are the only provisions contained in the
Municipal Code of the City of Lincoln, 1889, which have
any bearing upon the question:

"Section 202. The mayor shall appoint such number of
employes in the fire and water departments of the city as
the council may provide by ordinance or resolution.

"Section 203. Such number of clerks and assistants as
the council shall authorize by ordinance or resolution may
be appointed by the mayor to assist the various city offi-
cers; *Provided*, That such persons only may be appointed
as shall be recommended by the respective officers and be
satisfactory to a majority of the council.

"Section 315. The water commissioner, under the direc-
tion of the mayor and council, shall have control and
management of the water-works system of the city.

"Section 319. Subject only to the direction of the mayor
and council, the water commissioner shall have control of
all engineers, firemen, tappers, and other employes of the
water department, and they shall obey his orders.

"Section 321. The water commissioner shall not pur-

chase any material for the use of, or employ any laborers in his department except upon the authority of the council or water committee thereof, unless it be repairs in case of emergency."

No authority is contained in any of the foregoing provisions for the appointment of employes in the water department by the head of that department, although the water commissioner, under the direction of the mayor and council, has control of the water-works system of the city and the employes in his department. They are required to obey his orders, but the power to remove any of them or to appoint others in their places does not devolve upon him. Whether such authority exist in the mayor alone, or is vested solely in the mayor and city council, it is unnecessary to determine, inasmuch as the appointment of Worthington being illegal, this action cannot be maintained, irrespective of whether the appointment of Quay by the mayor was legal or not. It is obvious that section 203 of the Municipal Code, quoted above, has no application to employes in the fire and water departments of the city. That section has no reference to the employes in either of said departments, but applies to clerks and assistants in the other branches of the city government. The conclusion reached by the trial court was right and its judgment is

AFFIRMED.